UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Christian Muniz Rabino,

        Plaintiff

v.

Lisa Chamlee Brainard, et al.,

        Defendants

Case No. 2:25-cv-01996-CDS-NJK

**Order Adopting the Magistrate Judge's Report and Recommendation**

[ECF No. 4]

        Plaintiff Christian Muniz Rabino commenced this civil action against Lisa Brainard and the Clark County Office of the Special Public Defender without submitting a filing fee. On October 20, 2025, United States Magistrate Judge Nancy J. Koppe ordered Rabino to file an application to proceed *in forma pauperis* (IFP) or pay the full $405 filing fee no later than November 3, 2025. Order, ECF No. 3. Rabino was warned that failure to comply would result in dismissal without prejudice. *Id.* at 2. The deadline passed, and Rabino did not pay the $405 filing fee, nor did he complete an IFP application. So Judge Koppe issued a report and recommendation (R&R) that I dismiss Rabino's action for failure to comply with the court's October 20, 2025 order. R&R, ECF No. 4.

        Rabino had until November 26, 2025, to file any objections to the magistrate judge's R&R. *Id.* at 3 (citing Local Rule IB 3-2(a) (stating that parties wishing to object to the findings and recommendations must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). That deadline also passed, and no objection is filed. The law is clear that "no review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

I. Discussion

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing Rabino's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."

*Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this court cannot operate without collecting reasonable fees, and litigation cannot progress without a plaintiff's compliance with court orders, the only alternative is to enter a second order setting another deadline. But issuing a second order will only delay the inevitable and I find that setting another deadline is not a meaningful alternative here. So the fifth factor favors dismissal. Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal.

II.  Conclusion

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 4] is accepted and adopted in its entirety**. This action is dismissed without prejudice based on Rabino's failure to comply with this court's order.

The Clerk of Court is kindly directed to enter judgment accordingly and to close this case.

Dated: December 3, 2025

_____
Cristina D. Silva
United States District Judge

3